Filed 4/2/25  P. v. Palafox CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H052319 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. F2300652) |
| v. | |
| GAGE JOSE PALAFOX, | |
| Defendant and Appellant. | |

Defendant Gage Jose Palafox appeals from a judgment entered after pleading no contest to endangering or injuring the health of two children.  Appointed counsel for Palafox filed an opening brief which provides the procedural and factual background of the case but raises no legal challenge to the disposition.  Counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Palafox was advised of the right to file written arguments on his own behalf but has not responded.  Finding no arguable error that would result in a disposition more favorable to Palafox, we affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background[1]

On March 16, 2022, police responded to a 911 call from a female adult, who stated that Palafox, her former boyfriend, had been abusing her two minor children, John Doe[2] (age 8 at the time) and Joe Doe (age 6 at the time). According to the children's mother, John had told her the previous day that Palafox had used a clothes hanger to hang Joe "up in the air," then used the same hanger to hit Joe on the fingers. While giving them baths, their mother noticed suspicious marks on their skin. The next day, she received a number of calls from Palafox complaining about her sons' behavior, which led her to contact the police.

Officers spoke with both boys, who confirmed that Palafox had hurt them. The boys had visible marks on their bodies, including their forearms, forehead, and ankles; further investigation revealed red marks on the inner part of Joe's buttocks, both thighs, his genitals, and just below his stomach. Officers subsequently contacted Palafox, who indicated that he frequently babysat for the children while their mother worked and denied hitting or hurting either boy. He also described their mother as "unstable."

Later the same day, the children's mother self-committed to a hospital on a mental health hold, and the children were placed in the custody of their paternal grandmother.

In the following months, various enforcement officers, social workers, therapists, and medical professionals met and examined the boys. Based on these examinations, they cumulatively concluded that Palafox had regularly hit both boys with a clothes

---

[1] The following facts are derived from the probation report, which is quoted by counsel in appellant's opening brief, and the victims' testimony at the preliminary hearing.

[2] Alleged victims of certain offenses, including sex offenses, may be referred to in all records and during all proceedings as John or Jane Doe if reasonably necessary to protect the privacy of the person. (§ 293.5, subd. (a).)

hanger on the buttocks, arms, legs, and feet. He had also hit them on the back and buttocks with a belt. On one occasion, he slid a clothing hanger through [Joe's][3] shirtsleeves and hung [Joe] from the hanger on a door. According to John, Joe was "choking" while hanging from the door.

In addition, if the children had any urinary accidents while in bed or in other locations, Palafox would force them to stand in a "cold shower" or a "cold bath" after the incident, often turning off the bathroom lights. [John] also indicated that if he urinated on the floor, Palafox would make him lick it up off the floor.

[John] reported that Palafox had shown him a picture of the children's mother performing oral sex on Palafox. [John] also indicated that on one occasion, Palafox had shoved his gloved hand into [John's] mouth, then removed the glove, which resulted in [John] choking. [John] further stated that he had witnessed Palafox use a knife to poke [Joe's] fingers until they bled, and that Palafox had squeezed his [John's] buttocks and/or genital area at least once. Both boys indicated that Palafox had held a BB gun to their foreheads. They additionally reported that on one occasion, Palafox picked up a large stick and put it in [Joe's] bottom.

Medical examinations revealed that John had a round scar on his left shoulder, which appeared consistent with a cigar or cigarette burn. He was also found to have "abrasions on his face and upper chest, and petechiae in his mouth consistent with the report of strangulation." John additionally had bruising to his legs and feet, consistent with assault with a clothes hangar. Both boys were found to have "injuries consistent with severe forms of physical assault to include patterned welts and bruises consistent

_____

[3] According to counsel in appellant's opening brief, the probation officer "appears to have conflated John Doe with Joe Doe several times" in his summary of the police report, and counsel therefore used brackets in her brief to correct for these errors. Based on our review of the record, we agree that the report reflects this error and therefore shall use the same bracketed references herein.

with belt whippings or whipping by use of a clothing hangar." Palafox was ultimately arrested pursuant to a warrant on June 23, 2023.

At the preliminary hearing on March 18, 2024, John testified that Palafox was "mean" and had used a bottle opener under each one of his fingernails. John indicated that Palafox had hit him at least twice on the bottom with a belt. John further testified that Palafox had: (1) put him into a cold shower while the lights were off and made him close his eyes and lick urine off the floor; (2) shoved a gloved finger down his throat; (3) hit him on the feet with a hanger; (4) pointed a BB gun at John's forehead and said "say goodbye"; and (5) squeezed his neck with his hands. John stated that when he cried as Palafox was hitting him with the hanger, Palafox counted his tears and hit him on his feet for each tear shed.

John confirmed that Palafox had shown him a video of John and Joe's mother sucking on Palafox's "pee pee" and told him " 'Mommy kisses you goodbye with those nasty lips.' " Finally, John indicated that he had seen Palafox pick up Joe by his feet and drop him on his head in the bathtub, and he had also seen Palafox take a long stick, pull down Joe's pants, and "stick[] that stick up [Joe's] bottom."

## B.     *Procedural Background*

On January 29, 2024, the Santa Clara County District Attorney's Office filed a first amended felony complaint, charging Palafox with oral copulation or sexual penetration with Joe Doe, a child 10 year of age or younger (Pen. Code, § 288.7, subd. (b)[4]; count 1), inflicting corporal injury on a child, Joe Doe (§ 273d, subd. (a); count 2), and endangering or injuring the health of a child, John Doe (§ 273a, subd. (a); count 3).

At the preliminary hearing on March 18, 2024, Palafox withdrew his plea of not guilty and entered a plea of no contest to endangering and injuring the health of a child (count 3), which the People amended to include both John and Joe Doe. Palafox also

---

[4] Undesignated statutory references are to the Penal Code.

4

admitted to a circumstance in aggravation that the victims were particular vulnerable, pursuant to California Rules of Court, rule 4.421(a)(3).  In exchange for his plea, Palafox agreed to serve up to a maximum sentence of six years in prison.  The remaining counts were dismissed, and Palafox was conditionally released from custody pending sentencing.

On June 21, 2024, Palafox appeared for sentencing.  The court denied probation and imposed the aggravated term of six years in prison.  The court ordered victim restitution but waived the remaining fines, including a $1,800 restitution fine (§ 1202.4, subd. (b)(2)), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

On June 24, 2024, Palafox filed a notice of appeal.

## II. DISCUSSION

Pursuant to *Wende, supra*, 25 Cal.3d 436, we have reviewed the entire record.  We find no arguable error that would result in a disposition more favorable to Palafox.

## III. DISPOSITION

The judgment is affirmed.

_____
WILSON, J.

WE CONCUR:

_____
GREENWOOD, P. J.

_____
GROVER, J.

*People v. Palafox*
H052319